UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LEON,<br><br>             Plaintiff,<br><br>      v.<br><br>RICHARD WEISS, et al.,<br><br>             Defendants. | No.  2: 22-cv-2170 TLN KJN P<br><br><br><br>ORDER |

Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 21.)  Also pending is plaintiff's motion for appointment of counsel.  (ECF No. 23.)

For the reasons stated herein, the undersigned grants defendants' motion to dismiss with leave to amend and denies plaintiff's motion for appointment of counsel.

Legal Standards Governing Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89

(2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Otherwise, the motion is treated as one for summary judgment. Id. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's Claims

This action proceeds on plaintiff's original complaint as to defendants Dr. Weiss, Dr. Ullery and Gates. Plaintiff alleges that defendant Weiss was his primary care physician at Mule Creek State Prison ("MCSP"). Plaintiff alleges that defendant Ullery is the Chief Medical Physician at MCSP. Plaintiff alleges that defendant Gates is the Chief of the Health Care Appeals Branch at MCSP.

Plaintiff alleges that for three years, defendant Weiss observed plaintiff having severe tremors on many occasions that continued to get worse. Plaintiff alleges that defendant Weiss did not refer plaintiff to a neurologist for diagnosis of the cause of his tremors. Plaintiff alleges that defendant Weiss instead accused plaintiff of lying and stated that it was all in plaintiff's head. Plaintiff claims that defendant Weiss referred plaintiff to a psychiatrist for the tremors, and that plaintiff refused to see the psychiatrist. Plaintiff also alleges that defendant Weiss mocked plaintiff's racial identity as a Native American by stating, "Why don't you pray to your gods for help."

Plaintiff alleges that after three years, he found another doctor who treated his tremors as a medical condition.[1] Plaintiff alleges that as a result of the delay in treatment, his health deteriorated and he suffered depression.

Plaintiff alleges that defendant Ullery was made aware of defendant Weiss's failure to treat plaintiff's tremors. Plaintiff alleges that defendant Ullery refused to override defendant Weiss's failure to treat plaintiff's tremors or remove defendant Weiss as plaintiff's primary care physician. Plaintiff alleges that defendant Gates failed to provide plaintiff with treatment for his tremors after plaintiff requested treatment in a grievance reviewed by defendant Gates.

This action proceeds on plaintiff's claims alleging that defendant Weiss denied plaintiff adequate medical care in violation of the Eighth Amendment and discriminated against plaintiff based on his race in violation of the Equal Protection Clause. This action also proceeds on plaintiff's Eighth Amendment claims against defendants Ullery and Gates based on plaintiff's

---

[1] In his opposition to the motion to dismiss, plaintiff clarifies that he was later diagnosed with Parkinson's disease.

claim that these defendants ignored plaintiff's complaints regarding defendant Weiss.

Discussion: Eighth Amendment

*Legal Standard*

The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 831 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee the safety of inmates. Id. To establish an Eighth Amendment violation for inadequate medical care, a plaintiff must demonstrate that he had a serious medical need, and that defendants' response to that need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997 (en banc)). The Eighth Amendment's deliberate indifference standard is a "high legal standard." See Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

The Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). A prison official is deliberately indifferent to a serious medical need if he "knows of and disregards an excessive risk to inmate health." Farmer, 511 U.S. at 837. To be found liable under the Eighth Amendment, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. "If a [prison official] should have been aware of the risk, but was not then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson v. Cty of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016).

"A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060; see also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will

4

at a certain point rise to the level of a constitutional violation, mere malpractice, or even gross negligence, does not suffice."). To establish deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and that the doctors "chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), overruled in part on other grounds by Peralta, 744 F.3d at 1076; see also Snow, 681 F.3d at 987).

"Typically, a difference of opinion between a physician and the prisoner — or between medical professionals — concerning what medical care is appropriate does not amount to deliberate indifference." Edmo v. Corizon, Inc., 935 F.3d 757, 786 (9th Cir. 2019) (citations, quotations and brackets omitted); Jackson, 90 F.3d at 332. "But that is true only if the dueling opinions are medically acceptable under the circumstances." Edmo, 935 F.3d at 786 (citation omitted). To determine whether the treatment was medically acceptable, courts must consider "the record, the judgments of prison medical officials, and the views of prudent professionals in the field...." Id. "Accepted standards of care and practice within the medical community are highly relevant in determining what care is medically acceptable and unacceptable." Id.

A complete denial of medical care is not required to show deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000). Deliberate indifference may be found where prison officials "intentionally interfere with treatment once prescribed." Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999) (internal citation and quotation omitted). Deliberate indifference may be found if defendants "deny, delay, or intentionally interfere with [a prisoner's serious need for] medical treatment." Hallet v. Morgan, 296 F.3d 732, 734 (9th Cir. 2002). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

*Defendant Weiss*

Defendants argue that plaintiff does not state an Eighth Amendment claim against defendant Weiss because he does not allege that defendant Weiss acted with deliberate indifference. Defendants argue that plaintiff's claim that defendant Weiss diagnosed plaintiff as

suffering from a mental condition does not demonstrate that defendant Weiss ignored plaintiff's serious medical needs. Defendants argue that because plaintiff refused mental health treatment, the mental health professional could not rule out a psychological cause of the tremors and so inform defendant Weiss. Thus, defendants argue, defendant Weiss was unaware that his assessment and diagnosis was incorrect, or that a higher level of care was required. For these reasons, defendants argue that defendant Weiss did not act with deliberate indifference.

While plaintiff alleges that defendant Weiss accused him of lying, plaintiff does not allege that defendant Weiss refused to treat his tremors. Rather, plaintiff alleges that that defendant Weiss repeatedly misdiagnosed his tremors as being caused by a mental problem and referred plaintiff to a psychiatrist rather than a neurologist. Plaintiff pleads no facts suggesting that defendant Weiss's misdiagnosis was intentional and done with deliberate indifference. Instead, plaintiff's allegations suggest that defendant Weiss's failure to properly diagnosis plaintiff was, at most, negligent. Negligence does not rise to the level of an Eighth Amendment claim. Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have a hernia was negligent misdiagnosis or disagreement with diagnosing doctor and did not constitute deliberate indifference); see also Calderon v. Daniels, 2020 WL 977437 (E.D. Cal. Feb. 2020), findings and recommendations adopted, 2020 WL 1700357, judgment affirmed, 837 Fed.Appx. 547 (Feb. 23, 2021) (plaintiff alleged repeated misdiagnosis and treatment for gout; insufficient allegations to suggest that any defendant intentionally and with deliberate indifference prescribed gout medication despite knowing that plaintiff did not have gout, or that any defendant purposefully failed to address his medical needs).

Accordingly, defendants' motion to dismiss plaintiff's Eighth Amendment claim against defendant Weiss is granted with leave to amend. If plaintiff files an amended complaint, plaintiff shall address how defendant Weiss's alleged misdiagnosis of plaintiff amounted to deliberate indifference.

////

////

*Defendants Ullery and Gates*

Defendants move to dismiss the Eighth Amendment claims against defendants Ullery and Gates on the grounds that plaintiff fails to allege that these defendants were subjectively aware of the risks to plaintiff's health.

Plaintiff appears to claim that defendant Ullery is liable for defendant Weiss's alleged misdiagnosis of the cause of plaintiff's tremors because he is defendant Weiss's supervisor.

Plaintiff does not state a potentially colorable Eighth Amendment claim against defendant Ullery for two reasons. First, plaintiff does not state a potentially colorable Eighth Amendment claim against defendant Ullery based on his supervision of defendant Weiss because plaintiff has not plead sufficient facts demonstrating that defendant Weiss violated plaintiff's Eighth Amendment rights. See Samaniego v. California Department of Corrections and Rehabilitation, 2022 WL 2194588, at * 9 (E.D. Cal. June 17, 2022) (citing Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009) (supervisor liability "is not sustainable" where the plaintiff fails to support an underlying constitutional violation)).

Second, plaintiff has not plead sufficient facts linking defendant Ullery to the alleged deprivations. To state a potentially colorable claim for supervisory liability, plaintiff must allege facts demonstrating that defendant Ullery "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). While plaintiff alleges that defendant Ullery was "made aware" of defendant Weiss's failure to properly treat plaintiff, plaintiff does not allege how or when defendant Ullery obtained this information. Without this information, the undersigned cannot determine whether plaintiff has stated a potentially colorable Eighth Amendment claim against defendant Ullery.

Accordingly, for the reasons discussed above, defendants' motion to dismiss plaintiff's Eighth Amendment claim against defendant Ullery is granted with leave to amend.

Defendants move to dismiss plaintiff's Eighth Amendment claim against defendant Gates on the grounds that the denial of a grievance cannot establish an Eighth Amendment claim. The undersigned disagrees. A claim that a prison official was put on notice of unconstitutional conduct by way of a grievance and failed to act may state a potentially colorable Eighth


Amendment claim.  See Carbajal v. Food Services, 2022 WL 18911624, at *6 (C.D. Cal. Dec. 14, 2022) (a claim that prison officials were put on notice of plaintiff's need for a special diet through grievances, had the authority to help and failed to do so, states a potentially colorable Eighth Amendment claim) (citing Colwell v. Bannister, 763 F.3d at 1060, 1070 (9th Cir. 2014) (medical director could be liable for Eighth Amendment deliberate indifference by personally denying inmate's second-level grievance, which had put him on notice that an optometrist had recommended surgery and that the inmate's lower level grievances had been denied despite the recommendation); Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (warden and associate warden who were aware of grievances regarding the denial of a recommended hip surgery and failed to act to prevent further harm were not entitled to summary judgment), overruled on other grounds in Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014); Edwards v. Kuersten, 2022 WL 2119046, at *2 (E.D. Cal. June 13, 2022) (defendant could be held liable for deliberate indifference based on role in reviewing appeal of RAP decision), report and recommendation adopted, 2022 WL 3371799 (E.D. Cal. Aug. 16, 2022).)

The undersigned finds that plaintiff does not state a potentially colorable Eighth Amendment claim against defendant Gates because plaintiff has not plead sufficient facts demonstrating that defendant Weiss violated plaintiff's Eighth Amendment rights.  See Samaniego v. California Department of Corrections and Rehabilitation, 2022 WL 2194588, at * 9 (E.D. Cal. June 17, 2022).  In addition, plaintiff fails to allege facts demonstrating that defendant Gates acted with deliberate indifference when he reviewed plaintiff's grievance regarding defendant Weiss's alleged misdiagnosis of plaintiff's tremor condition.  Plaintiff does not allege what his grievance stated that would have informed defendant Gates that defendant Weiss should not have treated plaintiff's tremors as a mental problem.  Plaintiff also does not allege when defendant Gates reviewed the grievance.  For these reasons, defendants' motion to dismiss plaintiff's Eighth Amendment claim against defendant Gates is granted.

/////
/////
/////

Equal Protection

*Legal Standard*

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); see also City of Cuyahoga Falls v. Buckeye Cmty. Hope Found., 538 U.S. 188, 194 (2003) (quoting Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252, 265 (1977)) ("'[P]roof of racially discriminatory intent or purpose is required' to show a violation of [the equal protection clause].").

*Discussion*

Defendants argue that plaintiff's complaint fails to state an Equal Protection claim against defendant Weiss because plaintiff alleges mere verbal harassment.

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard are not enough to implicate the Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Shabazz v. Cole, 69 F.Supp.2d 177, 198-201 (June 25, 1999 D. Mass) (citing authority to explain that racial slurs and verbal threats without more do not invoke constitutional protection).

Plaintiff alleges that defendant Weiss made one racially offensive statement to plaintiff. These allegations, standing alone, do not state a potentially colorable Equal Protection claim. Plaintiff pleads no facts alleging that defendant Weiss committed discriminatory acts or

omissions against him based on his identity as a Native American. For these reasons, defendants' motion to dismiss plaintiff's Equal Protection claim against defendant Weiss is granted.

Qualified Immunity

Defendants move to dismiss on the grounds that they are entitled to qualified immunity.

Determining whether officials receive qualified immunity involves two inquiries: (1) whether, "taken in the light most favorable to the party asserting the injury," the facts alleged show the officer's conduct violated a constitutional right; and (2) if so, whether the right was "'clearly established' at the time of the violation." Tolan v. Cotton, 572 U.S. 650, 655–56 (2014) (per curiam) (brackets omitted) (citations omitted). To determine whether a constitutional right has been clearly established, we must "survey the legal landscape and examine those cases that are most like the instant case." Trevino v. Gates, 99 F.3d 911, 917 (9th Cir. 1996) (citation and internal quotation marks omitted). The contours of the right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (citation omitted).

Defendants argue that they are entitled to qualified immunity because plaintiff fails to state potentially colorable Eighth Amendment and Equal Protection claims. Defendants also argue that it is not clearly established that their conduct violated the Constitution.

Because defendants' motion to dismiss is granted with leave to amend, defendants' argument for qualified immunity is premature.

Dismissal with Leave to Amend

Defendants argue that the motion to dismiss should be granted without leave to amend. However, the Ninth Circuit has held that a district court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegations of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Because plaintiff may be able to cure the pleading defects discussed above, dismissal is granted with leave to amend.[2]

---

[2] As discussed above, in Calderon, supra, the plaintiff alleged that defendants repeatedly misdiagnosed him with gout. Taking judicial notice of the docket in Calderon, supra, pursuant to Federal Rule of Evidence 201, the undersigned observes that the court granted plaintiff two opportunities to amend his complaint before dismissing the case for failing to state a potentially

<u>Motion for Appointment of Counsel</u>

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. <u>See</u> 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (ECF No. 23) is denied;
2. Defendants' motion to dismiss (ECF No. 21) is granted;
3. Plaintiff is granted thirty days from the date of this order to file an amended complaint; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action.
4. Defendants shall not respond to the amended complaint until ordered by the court.

Dated: July 21, 2023

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Leon2170.mtd

---

colorable Eighth Amendment claim. (<u>See</u> 1:19-cv-1734 DAD SAB, at ECF Nos. 6, 15, 18, 22.)

11