UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG LEON,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD WEISS, et al.,<br><br>    Defendants. | No. 2:22-cv-2170 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On July 21, 2023, the undersigned granted defendants' motion to dismiss plaintiff's complaint with leave to file an amended complaint. (ECF No. 25.) Pending before the court is plaintiff's amended complaint. (ECF No. 26.)

  In the amended complaint, plaintiff alleges that defendant Weiss violated plaintiff's Eighth Amendment right to adequate medical care by failing to treat plaintiff's Parkinson's disease. (Id.) For the reasons stated herein, the undersigned recommends that this action be dismissed.

Legal Standard for Eighth Amendment Claim

  The Eighth Amendment imposes a duty upon prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 831 (1994). This duty includes ensuring that inmates receive adequate food, clothing, shelter, and medical care, and taking

1  reasonable measures to guarantee the safety of inmates. Id. To establish an Eighth Amendment
2  violation for inadequate medical care, a plaintiff must demonstrate that he had a serious medical
3  need, and that defendants' response to that need was deliberately indifferent. Jett v. Penner, 439
4  F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991),
5  overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997 (en
6  banc)). The Eighth Amendment's deliberate indifference standard is a "high legal standard." See
7  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

8    The Eighth Amendment is violated only when a prison official acts with deliberate
9  indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th
10 Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th
11 Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). A prison official is
12 deliberately indifferent to a serious medical need if he "knows of and disregards an excessive risk
13 to inmate health." Farmer, 511 U.S. at 837. To be found liable under the Eighth Amendment,
14 "the official must both be aware of facts from which the inference could be drawn that a
15 substantial risk of serious harm exists, and he must also draw the inference." Id. "If a [prison
16 official] should have been aware of the risk, but was not then the [official] has not violated the
17 Eighth Amendment, no matter how severe the risk." Gibson v. Cty of Washoe, 290 F.3d 1175,
18 1188 (9th Cir. 2002), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d
19 1060, 1076 (9th Cir. 2016).

20   "A showing of medical malpractice or negligence is insufficient to establish a
21 constitutional deprivation under the Eighth Amendment." Toguchi, 391 F.3d at 1060; see also
22 Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("While poor medical treatment will
23 at a certain point rise to the level of a constitutional violation, mere malpractice, or even gross
24 negligence, does not suffice."). To establish deliberate indifference, plaintiff "must show that the
25 course of treatment the doctors chose was medically unacceptable under the circumstances" and
26 that the doctors "chose this course in conscious disregard of an excessive risk to plaintiff's
27 health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996), overruled in part on other
28 grounds by Peralta, 744 F.3d at 1076; see also Snow, 681 F.3d at 987).

2

"Typically, a difference of opinion between a physician and the prisoner — or between medical professionals — concerning what medical care is appropriate does not amount to deliberate indifference." Edmo v. Corizon, Inc., 935 F.3d 757, 786 (9th Cir. 2019) (citations, quotations and brackets omitted); Jackson, 90 F.3d at 332. "But that is true only if the dueling opinions are medically acceptable under the circumstances." Edmo, 935 F.3d at 786 (citation omitted). To determine whether the treatment was medically acceptable, courts must consider "the record, the judgments of prison medical officials, and the views of prudent professionals in the field...." Id. "Accepted standards of care and practice within the medical community are highly relevant in determining what care is medically acceptable and unacceptable." Id.

A complete denial of medical care is not required to show deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000). Deliberate indifference may be found where prison officials "intentionally interfere with treatment once prescribed." Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999) (internal citation and quotation omitted). Deliberate indifference may be found if defendants "deny, delay, or intentionally interfere with [a prisoner's serious need for] medical treatment." Hallet v. Morgan, 296 F.3d 732, 734 (9th Cir. 2002). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

<u>Original Complaint</u>

To put the allegations in the amended complaint in context, the undersigned herein discusses the allegations in the original complaint against defendant Weiss.

In the original complaint, plaintiff alleged that defendant Weiss repeatedly misdiagnosed plaintiff's tremors as being caused by a mental problem and referred plaintiff to a psychiatrist rather than a neurologist. (ECF No. 1 at 3-5.) In his opposition to defendants' motion to dismiss, plaintiff claimed that he was later diagnosed with Parkinson's disease. (ECF No. 23 at 1.)

In the order granting defendants' motion to dismiss with leave to amend, the undersigned found that plaintiff pled no facts suggesting that defendant Weiss's alleged misdiagnosis was intentional and done with deliberate indifference. (ECF No. 25 at 6.) The undersigned found that

defendant Weiss's alleged failure to properly diagnose plaintiff was, at most, negligent. (Id.) The undersigned found that negligence does not rise to the level of an Eighth Amendment claim, citing Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's decision not to operate because he incorrectly believed plaintiff did not have a hernia was negligent misdiagnosis or disagreement with diagnosing doctor and did not constitute deliberate indifference); and Calderon v. Daniels, 2020 WL 977437 (E.D. Cal. Feb. 2020), findings and recommendations adopted 2020 WL 1700357, judgment affirmed, 837 Fed.Appx. 547 (Feb. 23, 2021) (plaintiff alleged repeated misdiagnosis and treatment for gout; insufficient allegations to suggest that any defendant intentionally and with deliberate indifference prescribed gout medications despite knowing that plaintiff did not have gout, or that any defendant purposefully failed to address his medical needs). (Id.)

Amended Complaint

In the amended complaint, plaintiff alleges that defendant Weiss saw plaintiff on many occasions for plaintiff's complaints and concerns of trembling. (ECF No. 26 at 1-2.) Plaintiff alleges that the tremors became worse and were taking over his life. (Id.) Plaintiff asked defendant Weiss to send him to a neurologist. (Id. at 3.) Defendant Weiss told plaintiff that he was lying and that it was in his head. (Id.) Defendant Weiss refused to treat plaintiff's tremors. (Id.)

Plaintiff alleges that although he refused to see the psychiatrist (apparently referred by defendant Weiss) regarding his tremors, plaintiff saw psychologists and psychiatrists through the mental health treatment program. (Id.) Plaintiff's clinician told plaintiff that there was nothing wrong with him mentally and that he had a medical problem. (Id.) Because plaintiff was moved from the EOP program, defendant Weiss could see in plaintiff's records that plaintiff's tremors were not a mental problem. (Id.) Defendant Weiss still refused to treat plaintiff and told him to seek spiritual support and help. (Id.)

Plaintiff alleges that if defendant Weiss had treated him three years ago for Parkinson's disease, his symptoms may have not progressed as much. (Id.) Plaintiff alleges that he received a new doctor who sent him to a neurologist. (Id.)

Attached to plaintiff's amended complaint is a grievance signed by plaintiff on April 22, 2022. (Id. at 4.) In this grievance, plaintiff claimed that for the past three years, defendant Weiss diagnosed plaintiff's tremors as a mental problem. (Id.) Plaintiff claimed that a neurologist at Stockton Hospital diagnosed plaintiff with Parkinson's disease and requested brain surgery for plaintiff. (Id.) Plaintiff claimed that defendant Weiss laughed when he heard this information. (Id.)

The Headquarters Level Response to plaintiff's grievance, dated October 4, 2022, states, in relevant part,

> As stated in the Institutional Level Response, you were seen by a neurologist on March 4, 2022, for complaints of tremors. The provider noted that three prior neurologist[s] determined your tremors were nonorganic in nature and not consistent with Parkinson's disease or essential tremors and are most likely functional in nature. The provider noted you showed no Parkinsonian features on examination; recommendations included evaluation by a movement disorder specialist for evaluation of essential tremors and/or extrapyramidal symptoms and to determine if you are a candidate for a deep brain stimulator.
>
> On March 14, 2022, a Request for Service order for neurology referral with a movement disorder specialist evaluation of a deep brain stimulator was completed and subsequently approved.
>
> Your most recent primary care provider evaluation was on September 29, 2022. The provider did not note any current functional deficit that impede you from independently performing your activities of daily living. Your health record does not support a current diagnosis of Parkinson's disease; however, you do have a current diagnosis of tremors. Additionally, you are not currently receiving any medication or therapeutic treatment for tremors. There is no documentation to support the primary care provider has determined a medical necessity for brain surgery, writing assistance, or a cell feed chrono.
>
> You currently have an appointment with a movement disorder specialist for evaluation of Parkinson's and deep brain stimulator pending. You will be ducated when the appointment nears.

(Id. at 11.)

Attached to the amended complaint is a medical record from plaintiff's March 4, 2022 examination by Dr. Hedayat. (Id. at 21-25.) The record states that plaintiff saw Dr. Hedayat for a neurological consultation. (Id. at 21.) In the report, Dr. Hedayat wrote that plaintiff stated that he was "involved in a motor vehicle accident that was shot in the leg with multiple assault injuries to

5

1   the head back in 2005[.]  [H]as been in a coma for 20 days [and] was admitted to the hospital in
2   Modesto doctors hospital.  Since recovering he has noticed mild tremors worse over the years[.]"
3   (Id.)  Dr. Hedayat wrote, "[Plaintiff] has seen Dr. Mullultra in the past…this could be functional
4   but the patient is here for the second opinion."  (Id. at 22.)  Dr. Hedayat also wrote that plaintiff
5   was evaluated in 2019.  (Id.)  The brain in 2019 showed multiple small nonspecific white matter
6   changes the same as recent labs, however the imaging is not available.  (Id.)  Dr. Hedayat wrote,
7   "3 of the neurologists believe that this is nonorganic in nature and not consistent with Parkinson's
8   disease or even essential tremor and is most likely functional and should be addressed by
9   psychiatrist or therapist."  (Id. at 22-23.)  Dr. Hedayat wrote that plaintiff was not interested in
10  trying any other medications such as Depakote, Keppra or Topamax.  (Id. at 24.)  Dr. Hedayat
11  recommended that plaintiff be evaluated by a movement disorder specialist "to see if you are
12  dealing with essential tremor and EPS if he is a candidate for DBS."  (Id.)

13       Dr. Hedayat did not find that plaintiff had Parkinson's disease.  Dr. Hedayat wrote,
14  "Refractory essential tremor to propranolol and multiple other medication that had been going on
15  for years medication.  And is interfering with his daily function and bilateral postural kinetic tremor
16  and shaking worse with activity in both hands worse on the right side with a frequency of 7 to
17  12…"  (Id. at 25.)

18       Attached to the amended complaint is plaintiff's medical record from his October 13, 2022
19  examination by Dr. Snider at Midtown Neurology.  (Id. at 14-20.)  Dr. Snider appears to have
20  provided the movement disorder evaluation recommended by Dr. Hedayat.  Dr. Snider wrote,
21  "Second hand report that 3 prior neurology evaluations felt tremors were functional."  (Id. at 14.)
22  Dr. Snider wrote that plaintiff was previously diagnosed with functional tremors.  (Id. at 15.)  In
23  his description of plaintiff's assessment, Dr. Snider wrote, "not see convincing parkinsonism,
24  ataxia, dystonia or myoclonus.  Relevant labs are normal CMP, HAIC 8.9%.  Relevant studies are
25  report MRI brain 2019 with moderate to severe WM changes."  (Id. at 18.)  Dr. Snider found that
26  plaintiff's condition was most consistent with Functional Tremor, although he could not rule out
27  concomitant Essential Tremor.  (Id.)  Dr. Snider wrote that plaintiff is not a candidate for DBS,
28  apparently referring to deep brain stimulator.  (Id.)  Dr. Snider wrote that DBS is not indicated for

functional tremor, and also "if Essential Tremor was a component, would retrial propranolol>Topamax and management of functional tremors as next treatment options prior to considering DBS>" (Id.)   Dr. Snider also recommended that plaintiff receive occupational therapy for his tremors. (Id. at 19.)

Discussion

As discussed above, in the original complaint, plaintiff alleged that defendant Weiss misdiagnosed plaintiff's tremors (which plaintiff claimed in his objections were caused by Parkinson's disease) as being a mental, rather than medical, problem. The undersigned found that plaintiff's claim alleging that defendant Weiss misdiagnosed his tremors did not state an Eighth Amendment claim.

In an attempt to cure the pleading defects in the original complaint, in the amended complaint plaintiff alleges that defendant Weiss ignored the findings of the mental health clinician that the cause of the tremors was not a mental problem and continued to refuse to send plaintiff to a neurologist. Plaintiff alleges that defendant Weiss's refusal to refer him to a neurologist caused plaintiff's Parkinson's disease to get worse. However, as discussed herein, the medical records attached to plaintiff's amended complaint contradict several of the allegations in the amended complaint. See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987) (the court need not accept as true allegations that are contradicted by facts which may be judicially noticed); Cooper v. Yates, 2010 WL 4924748, *3 (E.D. Cal. Nov. 29, 2010) (courts may disregard factual allegations contradicted by facts established by reference to exhibits attached to the complaint).

The medical records attached to plaintiff's amended complaint demonstrate that plaintiff does not have Parkinson's disease. Instead, the medical records indicate that plaintiff suffers from tremors. For these reasons, plaintiff's claim that defendant Weiss failed to treat his Parkinson's disease is without merit.

The undersigned herein considers whether plaintiff states a potentially colorable Eighth Amendment claim against defendant Weiss based on defendant's alleged failure to refer plaintiff to a neurologist, rather than a psychiatrist, for treatment of tremors.

////

Dr. Hedayat's report states that three neurologists who previously examined plaintiff believed that plaintiff's tremors should be addressed by a psychiatrist or a therapist. Based on this statement, the undersigned reasonably infers that defendant Weiss referred plaintiff to a psychiatrist for treatment of his tremors based on the recommendations of some or all three of the neurologists who previously examined plaintiff. Defendant Weiss did not act with deliberate indifference by following the recommendations of the neurologists who previously examined plaintiff when he referred plaintiff to a psychiatrist.

Plaintiff alleges that in spite of his refusal to follow defendant Weiss's recommendation that a psychiatrist treat his tremors, plaintiff was evaluated by psychiatrists and psychologists in the mental health treatment program. Plaintiff claims that his mental health clinician told him that his tremors did not require the treatment of a psychiatrist. Plaintiff claims that defendant Weiss ignored these findings, and his worsening tremors, and failed to send him to a neurologist.

Plaintiff's claim that a mental health professional found that plaintiff's tremors should not be treated by a mental health professional is not supported by Dr. Hedayat's report. Dr. Hedayat's report does not state that a mental health professional determined that plaintiff's tremors should not be treated by a mental health professional. Rather, Dr. Hedayat stated that the purpose of her examination of plaintiff was to provide a second opinion regarding plaintiff's tremors. Dr. Hedayat referred only to opinions rendered by neurologists who previously examined plaintiff. Based on the information in Dr. Hedayat's report, the undersigned reasonably infers that no mental health professional concluded that plaintiff's tremors should not be treated by a mental health professional. For these reasons, plaintiff's claim that defendant Weiss ignored records by mental health professionals stating that they could not treat plaintiff's tremors is without merit.

The records attached to plaintiff's amended complaint support plaintiff's claim that the primary care physician who replaced defendant Weiss referred plaintiff to Dr. Hedayat for a second opinion regarding the cause and/or treatment of his tremors. For the reasons stated herein, the undersigned finds that defendant Weiss's failure to refer plaintiff to a neurologist for a second opinion regarding the cause and/or treatment of his tremors did not amount to deliberate

indifference.

As discussed above, defendant Weiss did not fail to treat plaintiff's tremors. According to plaintiff, defendant Weiss referred plaintiff to a psychiatrist for treatment of his tremors. Plaintiff refused to see a psychiatrist for treatment of his tremors. Plaintiff cannot state a claim for deliberate indifference against defendant Weiss based on plaintiff's refusal to follow his recommendation that plaintiff see a psychiatrist. Merriman v. Lizarraga, 2017 WL 4340041, at *5 (E.D. Cal. Sept. 29, 2017) ) ("While it is clearly within [the prisoner's] rights to refuse medical treatment, he has no right to refuse treatment and then claim deliberate indifference to his medical condition."), quoting McNeil v. Singh, 2013 WL 1876127, at *19 n.59 (E.D. Cal. May 3, 2013) (where prisoner declined surgery on at least two occasions and refused medication "because he felt that it was improper or medically harmful," prisoner could not claim deliberate indifference to his medical condition); Zatko v. Rowland, 835 F.Supp. 1174, 1178 (N.D. Cal. 1993) (where prisoner refused treatment, deliberate indifference claim could not be sustained).

In addition, the difference of opinion between defendant Weiss and plaintiff's new primary care physician regarding whether a second opinion regarding the cause and/or treatment of plaintiff's tremors was warranted amounts to a difference of opinion. A difference of opinion between medical professionals regarding the appropriate course of treatment does not itself amount to deliberate indifference. Toguchi, 391 F.3d at 1058. To establish that a difference of opinion rises to the level of deliberate indifference, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson, 90 F.3d at 332. As discussed above, the medical records attached to plaintiff's amended complaint indicate that defendant Weiss followed the recommendations of neurologists when he referred plaintiff to a psychiatrist for treatment of his tremors. Based on these circumstances, defendant Weiss's course of treatment was not medically unacceptable.

For the reasons discussed above, the undersigned finds that plaintiff's amended complaint does not state a potentially colorable Eighth Amendment claim against defendant Weiss. After reviewing plaintiff's amended complaint and the attached exhibits, the undersigned finds that plaintiff cannot cure the pleadings defects discussed above. For these reasons, the undersigned

recommends that this action be dismissed. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 2, 2023

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Leon2170.ame

10